FILED
September 15, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002087892

3
L.J. LOHEIT, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

IN RE:

ARTHUR A. HANNIBAL,
WEEDONETTE HANNIBAL,

Debtor(s)

Case No: 09-36429-D-13L
DCN: NLE-1

TRUSTEE'S OBJECTION TO CONFIRMATION

DATE: OCTOBER 6, 2009
TIME: 1:00 P.M.
JUDGE: BARDWIL
COURTROOM: 34

LAWRENCE J. LOHEIT, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

**1. The Trustee objects to confirmation as the plan is not the debtor's best effort, 11 U.S.C. §1325(b). The debtor appears over median income, and has proposed a plan paying $573.39 per month with no less than 0% to unsecured creditors. Line #59 on Form 22C**

1

states their monthly disposable income is -$399.50. However the Trustee believes this figure should be positive:

    A.) The debtor receives $1,297.00 from Social Security each month and failed to list this income in Column A. While Social Security Act benefits are excluded from Current Monthly Income under 11 U.S.C. §101(10A), the Trustee did not receive any written evidence other than Schedule I or the Statement of Financial Affairs, so that the Trustee could verify the source and amount of income for Weedonette Hannibal.

    B.) The debtor has claimed on item 47 of Form 22C an expense for $1,099.00 regarding the 2nd Deed of Trust held by American Home Mortgage. Debtor has filed a Motion to Value set to be heard on 9/22/09 as DBJ-1. The Debtor is not entitled to this expense on the CMI pursuant to In re Thissen, 2009 U.S. Dist. LEXIS 46618.

It appears according to the Trustee's review the Debtor's monthly disposable income should be approximately $2,041.50 not -$399.50, or $744.50 if the $1,297.00 income is excluded.

    2. Debtor lists $700.00 on Schedule J for student loans. Debtor's plan proposes to pay a 0% dividend to the general unsecured creditors. Debtor's Schedule J appears to show the student loans are to be paid directly by the debtor. The Plan does not list the student loan(s) to be paid directly in the additional provisions, so it appears the plan may not be proposed in good faith, 11 U.S.C. §1325(a)(3). General unsecured creditors also appear to be unfairly discriminated against as they receive 0% under the plan.

    3. Weedonette Hannibal has failed to provide the Trustee with her Employer Payment Advices received 60 days prior to filing, under 11 U.S.C. § 521(a)(1)(B)(iv).

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan, and an order dismissing the case if a new plan is not filed within a reasonable time.

Dated: SEPTEMBER 15, 2009

/s/ Neil Enmark
NEIL ENMARK, Attorney for Trustee